IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**WARREN LOVITE LEWIS**                                            **PLAINTIFF**

**V.**                                                **CIVIL NO. 1:15cv116-HSO-JCG**

**JULIE FLOWERS, WARDEN, AND
DAVID KILGORE, MEDICAL ADMINISTRATOR
FOR PEARL RIVER COUNTY JAIL**                      **DEFENDANTS**

**ORDER DENYING WITHOUT PREJUDICE DEFENDANT
DAVID KILGORE'S MOTION TO DISMISS [20] AND
SUPPLEMENTAL MOTION TO DISMISS [21]**

This matter is before the Court on Defendant David Kilgore's Motion to Dismiss [20] filed May 27, 2016, and Supplemental Motion to Dismiss [21] filed June 2, 2016. Having considered both Motions, the record, and relevant legal authority, the Court finds that the Motions [20] [21] should be denied without prejudice at this time.

On April 7, 2015, Plaintiff Warren Lovite[1] Lewis, an inmate housed at the Federal Medical Center in Butner, North Carolina, filed his pro se Complaint [1] pursuant to 42 U.S.C. § 1983. On January 21, 2016, Defendant David Kilgore[2] ("Defendant") filed, as a matter of record, a Suggestion of Death [16], and attached a copy of the "Certificate of Death" [16-1] of Plaintiff Warren Lovette Lewis.

On March 20, 2016, Defendant filed a Motion to Dismiss [17] asserting that, pursuant to Rule 25 of the Federal Rules of Civil Procedure, the Court should

---

[1] On the face of the Complaint "Warren Lewis" is typewritten with "Lovite" appearing in handwriting. The Certificate of Death lists the Plaintiff as Warren "Lovette" Lewis.

[2] Defendant Julie Flowers was dismissed pursuant to the Court's December 31, 2015, Order [14] Granting Defendant Julie Flower's Motion to Dismiss.

dismiss the litigation because there had been no response to Defendant's Suggestion of Death of Plaintiff Warren Lovite Lewis [16] filed January 21, 2016.  In denying that Motion [17] without prejudice, the Court found that Defendant had not served the Motion on the deceased-plaintiff's estate, in accordance with Rule 4.  Order [19] at 1-2; *see Sampson v. ASC Industries*, 780 F.3d 679, 683 (5th Cir. 2015); *see also* FED. R. CIV. P. 4, 25(a)(3).

On May 27, 2016, Defendant filed the present Motion to Dismiss [20] re-urging the dismissal of this matter.  In support of his Motion, Defendant attaches: (1) a copy of Plaintiff's Death Certificate, Exhibit "A" [20-1], reflecting that Plaintiff was buried in Lumberton, Lamar County, Mississippi; (2) a copy of a letter from the Chancery Clerk of Lamar County, Mississippi, Exhibit "B" [20-2], reflecting that as of May 5, 2016, no estate had been opened for Plaintiff; and (3) a copy of a letter sent to Plaintiff's daughter Gayle Frizzell, as identified in Exhibit "A," asking if an estate had been opened for Plaintiff, Exhibit "C" [20-3].  Defendant argues that, based upon the response from the Chancery Clerk of Lamar County and the lack of response from Plaintiff's daughter, Defendant cannot locate an estate and therefore this matter should be dismissed.  Mot. [20] at 1-3.  Alternatively, Defendant alleges that this matter should be dismissed "for failure to prosecute" premised upon the theory that the burden to discover this pending matter was that of "Ms. Frizzell or some family member of the deceased Plaintiff."  Mot. [20] at 2, ¶14.

Although the Court recognizes that Defendant has not yet located an estate upon which to serve process, Defendant has located Plaintiff's daughter who

appears to be an heir-at-law and potential "representative" of the late Plaintiff and upon whom Defendant could have served notice in accordance with Rule 4. *See* FED. R. CIV. P. 4. Instead of serving Ms. Frizzell, Defendant elected to write Ms. Frizzell a letter asking only if an estate had been opened without providing any information concerning this matter or even the style of this case. *See* Exhibit "C" [20-3] at 1. Defendant has cited no authority to support the position that the letter to Ms. Frizzell satisfies the requirements of Rule 25, or that this letter is sufficient to trigger the 90 day period for filing a motion to substitute the Plaintiff.

On June 2, 2016, Defendant filed his Supplemental Motion to Dismiss [21] advising the Court that he had received a response from Ms. Frizzell on June 2, 2016, and asserting that Defendant would "serve the Estate" with a copy of the Suggestion of Death once he was informed of the "name and address of the court where the estate was opened and the name and case number for the estate." Suppl. Mot. [21] at 1.

The Fifth Circuit has held that personal service on a nonparty alerts the nonparty to the consequences of death for a pending suit and signals to the nonparty the need for action to preserve the claim if so desired:

> Personal representatives of a deceased-plaintiff's estate are non-parties that must be personally served under Rule 25. *Barlow v. Ground*, 39 F.3d 231, 233 (9th Cir. 1994) ("[T]he suggesting party must serve other parties and nonparty successors or representatives of the deceased with a suggestion of death in the same manner as required for service of the motion to substitute. Thus, a party may be served the suggestion of death by service on his or her attorney, Fed. R. Civ. P. 5(b), while non-party successors or representatives of the deceased party must be served the suggestion of death in the manner provided by Rule 4 for the service of a summons.") (emphasis added) (internal citation omitted);

3

> *Fariss v. Lynchburg Foundry*, 769 F.2d 958, 961 (4th Cir. 1985) ("Where, as here, a personal representative has been appointed following the death of a party, the suggestion of death must be personally served on that representative."). *"Personal service of the suggestion of death alerts the nonparty to the consequences of death for a pending suit, signaling the need for action to preserve the claim if so desired." Fariss*, 769 F.2d at 962.
>
> Service of the notice of death on the personal representative for a deceased-plaintiff's estate is generally required, even where it is difficult to determine who the personal representative is. *Id.* ("In some instances, it may prove more difficult to determine whom to serve, but it is generally appropriate to require the serving party to shoulder that burden, rather than permitting the absence of notice to decedent's representative to lead to forfeiture of the action."). Service on the attorney for the plaintiff-decedent's estate will not suffice as service on the estate. *Grandbouche v. Lovell*, 913 F.2d 835, 837 (10th Cir. 1990) (holding that even though the attorney for the decedent's estate was noticed, the successor or representatives of the deceased-party's estate were required to be noticed as well).

*Sampson*, 780 F.3d at 681 (emphasis added); *see Ransom v. Brennan*, 437 F.2d 513, 519 (5th Cir. 1971) ( "Assuming the executrix had such actual notice [of the Suggestion of Death], which plaintiff infers she must have had, it would not operate as a substitute for process."); *see also Fariss*, 769 F.2d at 962 (the burden is on the shoulder of the serving party rather than allowing the forfeiture of an action due to the absence of notice to a decedent's representative).

The Court recognizes Defendant's efforts to discern whether there has been an estate opened; however, Defendant did not provide proper notice to "decedent's successor or representative" as required under Rules 4 and 25. *See* FED. R. CIV. P. 4, 25(a)(1). Therefore, the Court finds that the Motion [20] and Supplemental Motion [21], should be denied without prejudice. *See Sampson*, 780 F.3d at 681-83; *see also* FED. R. CIV. P. 4, 25. Accordingly,

4

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that Defendant David Kilgore's Motion to Dismiss [20] and Supplemental Motion to Dismiss [21] are **DENIED WITHOUT PREJUDICE** to Defendant's right to re-file upon proper compliance with Rules 4 and 25 of the Federal Rules of Civil Procedure.

**SO ORDERED AND ADJUDGED**, this the 3rd day of June, 2016.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE